IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | ) Chapter 15 |
| Solar Millennium AG, | ) Case No. 12-11722 (KBO) |
| Debtor in a Foreign Proceeding. | ) Objection Deadline: March 16, 2020 at 4:00 p.m. ET<br>) Hearing Date:  March 31, 2020 at 11:00 am ET |

## STATUS REPORT AND
## MOTION OF FOREIGN REPRESENTATIVE TO CLOSE CASE

Volker Böhm, in his capacity as the fully authorized foreign representative (the "**Foreign Representative**") of Solar Millennium AG ("**SMAG**"), a debtor in a foreign proceeding pending in the Local Court of Fürth, Germany (the "**German Court**"), Reference Number: IN 948/11 (the "**German Proceeding**"), by and through his undersigned counsel, hereby files this status report and motion (the "**Status Report and Motion**") to close this chapter 15 case and respectfully represents as follows:

## PRELIMINARY STATEMENT

1.     The Foreign Representative was appointed as an administrator in the German Proceeding to administer the assets of SMAG.  In that capacity, the Foreign Administrator filed this case to administer SMAG's assets within the territorial jurisdiction of the United States, most significantly, those associated with the chapter 11 cases of SMAG's indirect subsidiaries, Solar Trust of America LLC ("**STA**") and certain of its US affiliates, jointly administered under Case No. 12-11136 (the "**Bankruptcy Cases**").  In that regard, the Court entered various orders that provided an effective mechanism for dealing with the cross-border aspects of SMAG's liquidation of its assets and have otherwise reflected this Court's cooperation with the Foreign

Representative in a manner consistent with Congress's intent when it enacted chapter 15 of the Bankruptcy Code. *See generally* 11 U.S.C. § 1501(a)(1). The Foreign Representative was able to address the issues relevant to its rights and obligations with and to STA; however, during the time period it was addressing these issues, it was sued in New Jersey by a former officer of Solar Trust, John Clapp. That litigation was ultimately settled through mediation and a settlement agreement approved by this Court. *See* D.I. 96.

2. Since approval of the settlement agreement, the Foreign Representative has continued to administer the German Proceeding but the purposes of this chapter 15 have been served, and the Foreign Representative does not anticipate that he will require any further assistance of this Court. Thus, because the purposes of the case have been meet, and for the reasons stated below, the Foreign Representative requests entry of an order closing this case in a form similar to that attached to this Status Report and Motion as Exhibit A.

## STATUS REPORT

### The SMAG Chapter 15 Case

3. SMAG instituted interim insolvency proceedings in Germany on December 21, 2011, and on February 28, 2012, the German Court entered a decision opening formal insolvency proceedings against SMAG and appointing Mr. Böhm as permanent insolvency administrator of SMAG.

4. On June 4, 2012, Mr. Böhm, in his capacity as foreign representative of SMAG, filed a petition seeking recognition of the SMAG insolvency proceeding as a foreign main proceeding in this Court, which has been administered as Case No. 12-11722 (the "**Chapter 15 Case**").

5. On June 15, 2012, this Court entered a final order recognizing SMAG's German insolvency proceeding as a foreign main proceeding and granting related relief to Mr. Böhm,

including granting him authority to participate effectively in the Bankruptcy Cases since SMAG was an indirect beneficial owner of STA.

**The STA Bankruptcy Cases**

6. On or about April 2 and 10, 2012, STA and certain of affiliates filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code in this Court.

7. On October 31, 2012, the STA Debtors filed the *Modified First Amended Chapter 11 Plan of Liquidation of Solar Trust of America, LLC and its Affiliated Debtors* [D.I. 686] (the "**STA Plan**"). On March 7, 2013, this Court entered its *Findings of Fact, Conclusions of Law, and Order Confirming the Modified First Amended Chapter 11 Plan of Liquidation of Solar Trust of America, LLC and its Affiliated Debtors*. The STA Liquidation Trust was formed under the Plan and is governed by the provisions of the Liquidation Trust Agreement.

8. In accordance with the STA Plan and the Liquidation Trust Agreement, the STA Liquidation Trust (the "**STA Trust**") was established and, among other things, the STA Plan transferred all claims and causes of action to the STA Trust. Walker, Truesdell, Roth & Associates, Inc., was the appointed trustee (the "**STA Trustee**") of the STA Trust.

9. The STA Trustee was responsible for, among other things, (i) commencing, prosecuting, collecting, compromising, settling, or abandoning any cause of action and (ii) filing, prosecuting, compromising or settling claim objections to disputed claims.

10. STA's creditors committee filed a complaint against SMAG in the Bankruptcy Cases, which the creditors committee and SMAG settled (the "**STA/SMAG Settlement**"). This Court approved the STA/SMAG Settlement in the Bankruptcy Cases and the Chapter 15 Case on March 7, 2013. *See* D.I. 50. The STA/SMAG Settlement also settled and allowed in the Bankruptcy Cases claims scheduled by STA on behalf of SMAG and its affiliates and proofs of claims filed by SMAG and its related subsidiaries, SM USA 2 GmbH and Solar Millennium

Capital GmbH, neither of which was a foreign debtor in the Chapter 15 Case but both of which were under the Foreign Representative's administration powers.  *See* D.I. 54 (providing notice of apportionment of SMAG's claims under the STA Plan).

**John Clapp's Claims**

11. On June 26, 2012, the Court established August 21, 2012 as the deadline for, among others, general unsecured creditors in the Bankruptcy Cases to file proofs of claim against any of the STA Debtors.

12. Mr. Clapp, a former employee of STA, filed a proof of claim in the Bankruptcy Cases in which he asserted a priority wage claim of $11,725 and other general unsecured claims arising from his employment with STA based on allegations by Mr. Clapp regarding his departure from STA.

13. On March 20, 2014, Mr. Clapp initiated an action (the "**Clapp Action**") in the Superior Court of New Jersey, Union County, Law Division against several defendants, which included the Foreign Representative and his legal counsel in Germany.

**Mediation of the Clapp Action**

14. The Foreign Representative filed a motion to stay Mr. Clapp's action in this case [D.I. 57] (the "**SMAG Stay Motion**"), and the STA Trustee filed a motion to have the injunction in the plan confirmed in the Bankruptcy Cases enforced against Mr. Clapp (the "**Plan Injunction Motion**").  Mr. Clapp filed an objection to the SMAG Stay Motion, and as a result of the mediation described below, the STA Trustee gave Mr. Clapp an indefinite extension of the time to respond to the Plan Injunction Motion.

15. National Union Fire Insurance Company of Pittsburgh, PA (hereafter, "**Insurer**"), issued policy number 031188818 (the "**Insurance Policy**") to STA.  The Insurance Policy

contains Coverage Sections for Directors, Officers and Private Company Liability Insurance and Employment Practices Liability Insurance.

16. In late September 2014, Insurer, the parties to the Clapp Action, the STA Trustee and the Foreign Representative agreed to mediation, selected a mediator, former U.S. District Court Judge Layn R. Phillips, and had a mediation in New York City on February 9 and 10, 2015. The Settling Parties reached a consensual resolution and settlement of: (i) the claims asserted against the defendants in the Clapp Action, including those asserted against the Foreign Representative; (ii) any potential claims that could be asserted by any of the defendants against the STA Trust for indemnification and attorneys' fees and costs, (iii) the insurance coverage defense, indemnity and reimbursement issues under the Insurance Policy, (iv) the Plan Injunction Motion, and (v) the SMAG Stay Motion.

17. As a result of the mediation, the parties entered into the Settlement Agreement, which the Foreign Representative sought approval of in this Court. *See* D.I. 89. The Court approved the Settlement Agreement. *See* D.I. 96. Since the approval of the Settlement Agreement, the Bankruptcy Cases have closed and while SMAG's Foreign Proceeding remains pending, the Foreign Representative does not anticipate needing any further assistance of this Court.

## JURISDICTION

18. This Court has jurisdiction to consider this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b) and the "Amended Standing Order of Reference" of the United States District Court for the District of Delaware dated as of February 29, 2012. The Foreign Representative consents to the entry of a final order on this Status Report

and Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

19.     Venue for this case is proper in this Court under section 1410(1) and (3) of Title 28 of the United States Code because the Foreign Debtors' principal assets in the United States was located in this district by virtue of its direct or indirect ownership in numerous Delaware companies formed in Delaware.  In addition, venue is proper in this district because it is consistent with the interests of justice and the convenience of the parties, having regard to the relief sought by the Foreign Representative.

20.     The statutory bases for the relief sought in this Status Report and Motion are sections 350 and 1517 of the Bankruptcy Code, Federal Rule of Bankruptcy Procedure 5009, and Local Rule 5009-2.

**RELIEF REQUESTED**

21.     Because the Foreign Debtors' Chapter 15 Case has been fully administered, the Foreign Representative seeks the entry of an order, substantially in the form attached to this Status Report and Motion as **Exhibit A**, closing this Chapter 15 Case under sections 350(a) and 1517(d) of the Bankruptcy Code, Bankruptcy Rule 5009(c), and Local Rule 5009-2, without prejudice to the right of a foreign representative to seek an order reopening the Chapter 15 Case under section 350(b) of the Bankruptcy Code.

**BASIS FOR RELIEF REQUESTED**

22.     Section 1517(d) of the Bankruptcy Code provides that "[a] case under this chapter may be closed in the manner prescribed under section 350."  11 U.S.C. §1517(d).  Under section 350 of the Bankruptcy Code, a bankruptcy case may be closed "[a]fter an estate is fully administered."  11 U.S.C. § 350(a).  Bankruptcy Rule 5009(c) provides that:

> A foreign representative in a proceeding recognized under § 1517 of the [Bankruptcy] Code shall file a final report when the purpose of the representative's appearance in the court is completed. The report shall describe the nature and results of the representative's activities in the court.

FED R. BANKR. P. 5009(c).  Local Rule 5009-2(a) is similar to Bankruptcy Rule 5009(c).  *See generally* Del. Bankr. L.R. 5009-2(a).  This Status Report and Motion satisfies the final report requirement of that rule.

23. "[U]nder Chapter 15 a court does not create a separate bankruptcy estate." *In re ABC Learning Centres Ltd.* 728 F.3d 301, 312 (3d Cir. 2013).  Thus, a Chapter 15 Case may be closed, "when the purpose of the foreign representative's appearance in court is completed." Fed. Rule Bankr. Pro. 5009(c).  The Advisory Committee notes to this Rule provide that "in the absence of a timely objection, a presumption arises that the [chapter 15] case is fully administered and may be closed." 2010 Adv. Comm. Notes under Rule 5009(c).  If neither the United States Trustee nor a party in interest files an objection "within 30 days after the date of service, there shall be a presumption that the case has been fully administered and the Court may close the case." Del. Bankr. L.R. 5009-2(b); *accord* FED R. BANKR. P. 5009(c).  However, if, after this Chapter 15 Case is closed, a foreign representative, if any, requires bankruptcy court assistance in connection with the German Proceeding, it should not be precluded from seeking such future assistance.  Accordingly, the closing of this Chapter 15 Case should be without prejudice to the right of a Foreign Representative to seek an order reopening the Chapter 15 Case under section 350(b) of the Bankruptcy Code.

24. Here it is appropriate to close this Chapter 15 Case because the Foreign Representative does not anticipate any further need for assistance from this Court, and except for this Status Report and Motion, there is no outstanding motion, contested matter, or adversary proceeding in this Chapter 15 Case.  The Foreign Debtors did obtain orders in this Chapter 15

Case and the Foreign Representative request that it continue to have the benefit of those orders. *See In re Daewoo Logistics Corp.*, 461 B.R. 175, 180 (Bankr. S.D.N.Y. 2011) (noting that the foreign representative may seek additional relief to ensure that the orders of the foreign court continue to apply within the territorial jurisdiction of United States and that the foreign court itself is better able to address the scope of the foreign proceeding once the chapter 15 case is closed).

25. The Foreign Representative respectfully submits that this Status Report and Motion accurately describes the nature and results of its activities before the Court.

26. In accordance with Bankruptcy Rule 5009(c), a copy of this Status Report and Motion has been served on: (i) the Office of the United States Trustee; (ii) the Foreign Debtors; (iii) all persons or bodies authorized to administer foreign proceedings of the Foreign Debtors; and (iv) all parties to litigation pending in the United States in which the Foreign Debtors were a party at the time of the filing of the petition. *See* FED R. BANKR. P. 5009(c). In addition, in accordance with Local Bankruptcy Rule 5009-2(b), a copy of this Status Report and Motion has been served on all creditors who have filed a request for notice under Bankruptcy Rule 2002 and Local Rule 9013-1. *See* Del. Bankr. L.R. 5009-2(b).

## **NO PRIOR REQUEST**

27. No prior motion for the relief requested in this Status Report and Motion has been made by the Foreign Representative to this Court or any other court within the United States.

**CONCLUSION**

WHEREFORE, for the reasons stated in this Status Report and Motion, the Foreign Representative respectfully requests that the Court grant the relief requested in this Status Report and Motion and such other and further relief as the Court deems just and proper.

Dated: February 13, 2020  **DLA PIPER LLP (US)**
Wilmington, Delaware

By: /s/ R. Craig Martin
R. Craig Martin (DE 5032)
1201 North Market Street Suite 2100
Wilmington, Delaware 19801
Telephone: 302-468-5700
Facsimile: 302-394-2341
craig.martin@dlapiper.com

*Counsel to Foreign Representative*